UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAURA ANN BROWN,

    Plaintiff,

v.                                  Case No.:  6:24-cv-815-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

**OPINION AND ORDER**

Plaintiff Laura Ann Brown seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. Plaintiff also filed a reply brief. As explained below, the decision of the Commissioner is **AFFIRMED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.    Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.     Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo

standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C. Procedural History

Plaintiff applied for a period of disability and disability insurance benefits on May 3, 2016, alleging disability beginning on February 1, 2013. (Tr. 89, 187-88). Plaintiff later amended the alleged onset date of disability to April 30, 2015. (Tr. 1611-12). The application was denied initially and on reconsideration. (Tr. 89, 107).

Plaintiff requested a hearing, and on August 29, 2018, a hearing was held before Administrative Law Judge Jeffrey A. Ferguson ("ALJ"). (Tr. 45-74). On March 11, 2019, the ALJ entered a decision finding Plaintiff not under a disability at any time during the relevant period from February 1, 2013, the alleged onset date, through March 31, 2018, the date last insured. (Tr. 19-38). Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on January 21, 2020. (Tr. 1-5). Plaintiff appealed this decision and the District Court reversed and remanded the action for further proceedings. (Tr. 1380-91).

On remand from the Appeals Council, the ALJ held another hearing on September 13, 2022. (Tr. 1331-71, 1399). On October 13, 2022, the ALJ entered a decision finding Plaintiff not under a disability at any time during the relevant period from April 30, 2015, the alleged onset date, through March 31, 2018, the date last insured, nor through the date of the decision. (Tr. 1284-1321). Plaintiff filed a Complaint on April 30, 2024, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 1).

D.   **Summary of ALJ's Decision**

In this matter, the ALJ found Plaintiff last met the insured status requirements of the Social Security Act on March 31, 2018. (Tr. 1288). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the relevant period from her amended alleged onset date of

disability of April 30, 2015, through her date last insured of March 31, 2018, nor through the date of the decision. (Tr. 1288). At step two, the ALJ found that since April 30, 2015, the alleged onset date, Plaintiff had the following severe impairments: "degenerative disc disease (DDD) of the cervical and lumbar spine; bilateral carpal tunnel syndrome (CTS); and chronic obstructive pulmonary disease (COPD)." (Tr. 1288). At step three, the ALJ found that since April 30, 2015, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 1294).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, particularly since April 30, 2015, the alleged onset date, I find that the, the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b), except: she can frequently push and pull with her bilateral upper extremities; can frequently climb ramps and stairs; can never climb ladders, ropes, or scaffolds; can occasionally stoop, kneel, crouch, and crawl; can frequently handle and finger with her bilat upper extremities; and must avoid even moderate exposure to pulmonary irritants such as fumes, odors, dusts, gases, and poor ventilation, and workplace hazards such as moving machinery, moving mechanical parts, and unprotected heights.

(Tr. 1297-98).

At step four, the ALJ determined that since April 30, 2015, the alleged onset date, Plaintiff was capable of performing her past relevant work as a pawn broker at

Florida Gold Mine as it is actually and generally performed in the national economy or as a pawn broker at a pawnshop as it is generally performed in the national economy. (Tr. 1319-21). The ALJ also determined that this work did not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 1319). The ALJ concluded that Plaintiff had not been under a disability from April 30, 2015, through March 31, 2018, the date last insured, nor through the date of the decision. (Tr. 1321).

## II.     Analysis

Plaintiff contends that the ALJ did not properly weigh the opinions of Myredsi Soto-Varela, M.D. and Mark Minor, M.D. (Doc. 16, p. 14-15). For disability cases filed before March 27, 2017 – such as this one – at step four, an ALJ must properly consider treating physicians, examining physicians, non-examining physicians, and other source opinions, and weigh these opinions and findings as an integral part of the ALJ's RFC determination. *See Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012). Whenever a physician offers an opinion about the nature and severity of a claimant's impairments— including the claimant's symptoms, diagnosis, and prognosis; physical and mental restrictions; or what the claimant can still do—the ALJ must state with particularity the weight given to the opinion and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such an explanation,

"it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart*, 662 F.2d at 735).

The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has concluded that good cause exists when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.* "The ALJ is to consider a number of factors in determining how much weight to give to each medical opinion:   (1) whether the doctor has examined the claimant; (2) the length, nature, and extent of a treating doctor's relationship with the claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's 'opinion is with the record as a whole'; and (5) the doctor's specialization." *Forsyth v. Comm'r of Soc. Sec.*, 503 F. App'x 892, 893 (11th Cir. 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)).

Dr. Soto-Varela treated Plaintiff from June 21, 2013, through at least June 23, 2017. (Tr. 882). On June 23, 2017, Dr. Soto-Varela completed a Residual Functional Capacity Assessment. (Tr. 879-882). Dr. Soto-Varela found Plaintiff could sit for less than 1 hour in an 8-hour day, needed to alternate between sitting and standing

at will, had difficulty walking, could use her hands productively less than 1 hour in an 8-hour day, had marked difficulties in concentration, persistence, and pace up to 2/3 of an 8-hour time span, could not walk a block at a reasonable pace, could lift or carry 1-5 pounds for 1/3 of an 8-hour day, could not lift or carry any amount for 2/3 of an 8-hour workday, and had limitations in in her upper extremities. (Tr. 879-82). Dr. Soto-Varela based these opinions on her observation, treatment, patient reports, historic medical records, labs, imaging, or other diagnostic tests. (Tr. 882).

In the decision, the ALJ exhaustingly summarized the medical and other evidence. (Tr. 1298-1312). After summarizing the record, including Dr. Soto-Varela's June 2017 opinion, the ALJ afforded her opinion little weight. (Tr. 1312-16). First, the ALJ found that Dr. Soto-Varela's opinion that Plaintiff could perform less than sedentary work based on exertional limitations was not accorded controlling weight. (Tr. 1312-13). The ALJ found that this opinion basically found Plaintiff to be disabled — a matter reserved to the Commissioner. (Tr. 1313).

Next, the ALJ found:

> I afford little weight to Dr. Soto-Varela's above opinion and find it to be unpersuasive because it is not supported by objective medical evidence noted in the opinion [e.g., it is not supported by Dr Soto-Varela's own objective observations as documented in her treatment notes (see the following paragraphs immediately below)], the opinion is not explained in detail, and it is not consistent with all of the other evidence throughout the record from all other sources, particularly since April 30, 2015, (see the following paragraphs immediately below) which has convinced me that the claimant can perform

> light work, along with the additional limitations stated in Finding 5 above.

(Tr. 1313).The ALJ then summarized the objective medical evidence and noted the consistencies as well as the inconsistencies between Dr. Soto-Varela's opinion and these medical records. (Tr. 1313-14). For example, the ALJ noted that Plaintiff complained of back pain at some visits, but denied back pain at others and had a normal gait and station at many visits from 2015 through 2017. (Tr. 1313). The ALJ also cited other records that showed in 2017 that Plaintiff had normal ranges of motion in her extremities, and no motor or sensory deficits. (Tr. 1314).

The ALJ separately considered Dr. Soto-Varela's opinion that Plaintiff would have marked difficulties in concentration, persistence, and pace up to 2/3 of an 8-hour time span in part because of Plaintiff's pain level, fatigue, exhaustion, weakness, and shortness of breath. (Tr. 1314). The ALJ found:

> I afford little weight to Dr. Soto-Varela's above opinion and find it to be unpersuasive because it is not supported by objective medical evidence noted in the opinion [e.g., it is not supported by Dr Soto-Varela's own objective observations as documented in her treatment notes (see the following paragraphs immediately below)], the opinion is not explained in detail [e.g., only shortness of breath, pain level, fatigue, exhaustion, or weakness on a checklist], and it is not consistent with all of the other evidence throughout the record from all other sources, particularly since April 30, 2015, (see the following paragraphs immediately below) which has convinced me that the claimant has no limitation regarding concentration, persistence, or pace when performing her residual functional capacity for light work, along with all of the additional nonexertional limitations stated in Finding 5 above.

(Tr. 1314-15). The ALJ then cited medical records that showed Plaintiff had some breathing problems, knee pain, and weakness in her left hand. (Tr. 1315). The ALJ also cited medical record showing Plaintiff's oxygen saturation rate was within a normal range, she had normal respiratory effect, clear lungs and was alert, with a normal attention span and normal concentration. (Tr. 1315-16). The ALJ cited Plaintiff's own report from June 2016, in which she stated that she could concentrate to watch television as well as read. (Tr 1316).

      The ALJ then summarized his findings:

> Thus, I afford little weight to the opinions of Dr. Soto-Varela from June 23, 2017, and find that the claimant's severe impairments, along with her pain level, shortness of breath, fatigue, exhaustion (e.g., tiredness), and/or weakness, result in the residual functional capacity to perform light work, along with the additional nonexertional limitations stated in Finding 5 above, with no limitations in concentration, persistence, or pace.

(Tr. 1316).

      On May18, 2022, Mark Minor, M.D. completed a brief letter, indicating that after reviewing Dr. Soto-Varela's June 23, 2017 Residual Functional Capacity Assessment, he checked a space indicating that he agreed with Dr. Soto-Varela's limitations found in her opinion. (Tr. 1748). He also found that these limitations would continue through the present. (Tr. 1749).

      In the decision, the ALJ summarized Dr. Minor's opinion and again summarized Dr. Soto-Varela's findings. (Tr. 1316). The ALJ determined:

> Dr. Minor's above opinions are not accorded controlling weight because opinions on the issues of whether the claimant is "disabled" or "unable to work" are reserved to the Commissioner because they are administrative findings that are dispositive of a case (20 CFR 404.1527(d)). Moreover, I afford little weight to Dr. Minor's above opinions and find them to be unpersuasive for essentially the same reasons why Dr. Soto-Varela's opinions are unpersuasive. Dr. Minor's opinions are not supported by objective medical evidence noted in the opinions [e.g., not supported by Dr. Soto-Varela's own objective observations as documented in her treatment notes (see the preceding paragraphs immediately above regarding Dr. Soto-Varela's opinions), and Dr. Minor received only a sample of Dr. Soto-Varela's treatment notes, not the entire longitudinal history], Dr. Minor's opinions are not explained in detail, and they are not consistent with all of the other evidence throughout the record from all other sources, particularly since April 30, 2015, (as just set forth in detail in the preceding paragraphs immediately above regarding Dr. Soto-Varela's opinions) which has convinced me that the claimant can perform light work, along with the additional limitations stated in Finding 5 above, with no limitations in concentration, persistence, or pace. Moreover, Dr. Minor's treatment notes (see below) do not support the severity of limitations he expressed in his opinions. Finally, according to the records in the file, Dr. Minor had seen the claimant only a handful of times (Exhibit 14F).

(Tr. 1317).

With this extensive summary and analysis of the evidence in mind, the Court now addresses Plaintiff's arguments. Plaintiff first argues that at step two of the sequential evaluation, the ALJ found Plaintiff had mild limitations in concentration, persistence, or maintaining pace, but ignored Dr. Soto-Varela's opinion that Plaintiff would have marked limitations in this area. (Doc. 16, p. 14-15). While the ALJ may not have mentioned that portion of Dr. Soto-Varela's opinion at step two, she

thoroughly considered it in assessing the RFC. (Tr. 1314). As stated above, the ALJ gave little weight to this opinion and explained in detail why. (Tr. 1314-15). Considering the decision as a whole, the Court finds no error.

Plaintiff next argues that the ALJ erroneously afforded more weight to the opinions of non-examining State agency physicians over those opinions of Dr. Soto-Varela and Dr. Minor, who were both treating physicians. (Doc. 16, p. 16-17). Plaintiff argues that the opinions of State agency physicians cannot be substantial evidence to discredit the opinions of treating physicians. (Tr. 16). Generally, a treating physician's opinion is entitled to more weight than a consulting doctor's opinion. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). Still, an ALJ may discount a treating physician's opinion if good cause shows that it is contrary to the evidence. *Id.* When an ALJ has properly discounted a treating physician's opinion, he may give greater weight to the opinions of non-examining physicians. *Putman v. Soc. Sec. Admin., Comm'r*, 705 F. App'x 929, 934 (11th Cir. 2017) (finding that when an ALJ reasonably concludes that the record as a whole does not support the severity of the limitations assessed by a treating physician, the ALJ may reasonably conclude that the opinions of non-examining physicians were more consistent with the record as a whole). In this case, the ALJ extensively reviewed the record as a whole, including the medical records and opinions from both Dr. Soto-Varela and Dr. Minor, and found that these opinions were entitled to little

weight because they were not supported by objective medical evidence, were not explained in detail, and were not consistent with all of the other evidence throughout the record from all sources. (Tr. 1312-17).

The ALJ thoroughly considered the opinions of the State agency medical consultants and found that the opinions of Thomas Lawhorn, M.D. and Gary Smith, M.D. were supported by substantial objective medical evidence. (Tr. 1298-99). The ALJ also found that these opinions were explained in detail and were generally consistent with all of the other evidence of record from all other sources since the onset date. (Tr. 129). The ALJ found that there was sufficient medical evidence to determine that Plaintiff's impairments were severe, but did not prevent her from performing light work with additional limitations as generally found by the State agency medical consultants. (Tr. 1299). Substantial evidence supports the ALJ's considerations of the State agency medical consultants' opinions.

Plaintiff next argues that the ALJ erred in finding Dr. Soto-Varela's opinion that Plaintiff is capable of less than sedentary work to be an issue reserved to the Commissioner. (Doc. 16, p. 18). The decision whether a plaintiff is disabled is reserved to the Commissioner. *Walker v. Soc. Sec. Admin., Comm'r*, 987 F.3d 1333, 1339 (11th Cir. 2021). In this case, Dr. Soto-Varela completed a Residual Functional Capacity Assessment that included limitations for less than sedentary work. (Tr. 879-82). She did not explicitly find Plaintiff disabled or unable to work. (Tr. 879-

82). Thus, the ALJ arguably erred in so finding. While the ALJ may have erred in this finding, the Court must also consider whether this error was harmless. It is. Courts have applied the harmless error rule to social security cases and "will not remand for further findings where doing so would be a "'wasteful corrective exercise.'" *Pons v. Comm'r of Soc. Sec.*, No. 21-13028, 2022 WL 1214133, at *2 (11th Cir. Apr. 25, 2022) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)); (quoting *Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. Unit A July 1981)). Here, the ALJ included many other reasons why he afforded little weight to Dr. Soto-Varela's opinion and substantial evidence supports those other reasons.

Plaintiff next argues that the ALJ erred in finding Dr. Soto-Varela's opinion was not supported by the objective medical evidence and her own objective observations. (Doc. 16, p. 19-21). But in the decision, the ALJ explained at length the medical and other evidence of record that both supported some limitations but did not support the severe limitations assessed by Dr. Soto-Varela. (Tr. 1313-16). In essence, Plaintiff invites the Court to reweigh the evidence, which it cannot do. A court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). "The ALJ need not refer to every piece of evidence in his decision, so long as a reviewing court can conclude that the ALJ considered the claimant's medical condition as a whole." *Id.* Even if the evidence preponderates

against the Commissioner's decision, the Court must affirm if substantial evidence supports the Commissioner's decision. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021). The ALJ thoroughly considered the record as a whole. Substantial evidence supports the ALJ's assessment of the opinions of Dr. Soto-Varela and Dr. Minor.

### III.   Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on April 10, 2025.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties